IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN CALLEJA, ) | Case No. 13-00983 SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION TO |
| ) | <u>DISMISS</u> |
| v. ) | |
| ) | |
| U.S. FINANCIAL LIFE INSURANCE ) | |
| COMPANY, CIGI DIRECT INSURANCE ) | |
| SERVICES, and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

Plaintiff Ann Calleja ("Plaintiff") brings this action against Defendants U.S. Financial Life Insurance Company ("USFL") and CIGI Direct Insurance Services ("CIGI") (collectively, "Defendants") for breach of contract and negligence. ECF No. 1 Ex. A ("Compl."). The crux of the Plaintiff's complaint is that Defendants refused to pay out on a $500,000 life insurance policy issued to Plaintiff's husband, who died in 2011. CIGI now moves to dismiss. ECF No. 21 ("MTD"). The motion is fully briefed, ECF Nos. 26 ("Opp'n"), 27 ("Reply"), and amenable for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, CIGI's Motion is GRANTED.

## II. BACKGROUND

In 2000, Plaintiff's husband, Joseph Calleja, took out a $500,000 life insurance policy issued by USFL. Compl. ¶ 1, MTD Ex. A ("Policy").[1] Plaintiff is the sole and primary beneficiary on the Policy. Compl. ¶ 16. Mr. Calleja purchased the policy from James Jeffries, who had sold life insurance policies on behalf CIGI, USFL's agent and broker, for decades. Id. ¶ 14.

The Policy provides a number of premium payment options, including an annual premium of $4,775 and a semi-annual premium of $2,483. Policy at 1. Mr. Calleja elected to pay on a semi-annual basis. Compl. ¶ 23. The Policy also states that before each premium due date USFL will notify Mr. Calleja of the amount of premium payable. Policy at 2. Under the terms of the Policy, if Mr. Calleja does not pay a premium when due, the premium is in default. Id. at 7. The Policy grants Mr. Calleja a thirty-one-day grace period to cure default. Id. If a default is not cured by the end of the grace period, the policy is terminated. Id. at 6.

Plaintiff alleges that inherent in the policies sold by Mr. Jeffries was an agreement that when a policy was in danger of lapsing due to non-payment of premiums USFL and/or CIGI would notify Jeffries in writing. Compl. ¶ 17. Upon notification, Mr. Jeffries would allegedly "fix the problem, either by notifying and persuading the insured person to pay [the premium], or by paying any outstanding premiums, fees, or costs himself, so as to prevent said policy from lapsing." Id. ¶ 18. The Policy does not mention this agreement or otherwise refer to Mr. Jeffries; however,

---

[1] The Court takes judicial notice of the Policy pursuant to Federal Rule of Evidence 201 since it is referred to in the Complaint and its contents are not in dispute.

2

Plaintiff alleges that this had been Mr. Jeffries' practice for decades. Id. ¶ 17.

Mr. Calleja died on January 4, 2011. Id. ¶ 1. Plaintiff, through Mr. Jeffries, reported the death to USFL the following day and learned, allegedly for the first time, that the policy had lapsed. Id. ¶ 28. The Complaint is vague on exactly what notice was provided to Mr. Calleja or Mr. Jeffries prior to the lapse. It appears that the Policy lapsed on November 15, 2009, and USFL claims that it sent a letter to Mr. Calleja that the policy was in danger of lapsing sometime in late 2009 or early 2010 via US Mail. See id. ¶¶ 33, 39. It is unclear whether or how USFL notified Mr. Calleja that his premium was due or whether Mr. Calleja continued to pay premiums after the Policy allegedly lapsed in 2009. Plaintiff alleges that neither she nor Mr. Jeffries received any notice of the lapse prior to January 5, 2011. See id. ¶¶ 24-29.

Plaintiff filed this action against USFL and CIGI on December 31, 2012 in California Superior Court. Plaintiff asserts two counts of breach of contract, one for Defendants' failure to pay out on the Policy and the second for their alleged failure to notify Mr. Jeffries. As part of these counts, Plaintiff asserts that Defendants breached their duties of good faith and fair dealing (the "bad faith claims"). Id. ¶¶ 50, 64. Plaintiff also asserts a count for negligence, again based on Defendants' alleged failure to notify Mr. Jeffries of the imminent lapse of the Policy.

USFL filed an answer to the Complaint in state court. CIGI subsequently removed to federal court on diversity grounds. CIGI now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

3

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### IV. DISCUSSION

The crux of Plaintiff's claims is that Defendants were obligated to provide Mr. Jeffries with notice that the Policy was in danger of lapsing, but failed to do so. However, as CIGI points out, Plaintiff has yet to point to any contractual provisions that would require Defendants to provide such notice to Mr. Jeffries. The Policy merely provides that, before each premium due date, USFL will notify Mr. Calleja of the amount of premium payable. There is no indication that Defendants breached this provision. Moreover, the Policy does not require any follow-up notices in the event that Mr. Calleja fails to make a payment by the due date. The Policy

4

also never mentions Mr. Jeffries, and Plaintiff has not alleged any specifics concerning a separate agreement whereby Defendants would notify him of an imminent lapse.

Additionally, Plaintiff has yet to point any statutory provisions that would support her claims. In 2012, the California Insurance Code was amended to state that life insurance policies shall not be issued until an applicant "has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium." Cal. Ins. Code § 10113.72. The new provisions of the code further provide that a notice of pending lapse and termination of a life insurance policy shall not be effective unless it is mailed to the named policy owner or the owner's designee at least thirty (30) days prior to the effective date of the termination. Id. § 10113.71. However, Plaintiff does not cite to these provisions, and in any event, they appear to have taken effect after Mr. Calleja passed away.

Nor has Plaintiff pointed to any case law that would require Defendants to provide additional notice to Mr. Calleja or Mr. Jeffries. As CIGI points out, in some cases, courts have departed from the express notice requirements of a life insurance policy when an insurer uniformly follows a practice of giving notice and later departs from that practice. See Steven Plitt et al., 5 Couch on Insurance § 71:7 (3d ed. 2013) (citing cases). Here, Plaintiff alleges that Defendants had a "normal procedure" of notifying Mr. Jeffries if one of their policies was in danger of lapsing. See Compl. ¶ 62. However, the Complaint does not contain any specific facts regarding how this "normal procedure" applied to Plaintiff.

5

It is insufficient to merely plead that Mr. Jeffries' responsibilities were "inherent" in the Policy. Plaintiff must allege how Mr. Jeffries' responsibilities were established and how she or Mr. Calleja came to rely on Mr. Jeffries to provide notice.

Accordingly, the Court finds that Plaintiff has failed to state a plausible claim against CIGI or USFL.

## V. CONCLUSION

For the reasons set forth above, CIGI's motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's amended complaint shall set forth specific factual allegations regarding Defendant's agreement to or practice of providing notice to Jeffries and how Plaintiff came to rely on Jeffries. The Court reminds Plaintiff that conclusory allegations, as well as factual declarations submitted in opposition to a motion to dismiss, are insufficient. Plaintiff shall file her amended complaint within thirty (30) days of the signature date of this Order. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

December 10, 2013

_____
UNITED STATES DISTRICT JUDGE