United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN CALLEJA,

        Plaintiff,

      v.

U.S. FINANCIAL LIFE INSURANCE
COMPANY, CIGI DIRECT INSURANCE
SERVICES, and DOES 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 13-00983 SC

ORDER GRANTING IN PART AND
DENYING IN PART USFL'S MOTION
TO DISMISS AND GRANTING CIGI'S
MOTION TO DISMISS

## I.  __INTRODUCTION__

Plaintiff Ann Calleja ("Plaintiff") brings this action against
Defendants U.S. Financial Life Insurance Company ("USFL") and CIGI
Direct Insurance Services ("CIGI") for breach of contract and
negligence.  ECF No. 35 (First Amended Complaint ("FAC")).  The
case arises out of USFL's refusal to pay out on a $500,000 life
insurance policy issued to Plaintiff's husband, Joseph Calleja, who
died in 2011.  USFL has claimed that the policy lapsed due to non-
payment.  Plaintiff alleges that Defendant neglected to provide
adequate notice to her husband and to his broker, James Jeffries,
that payments were due.  Now pending before the court are USFL and
CIGI's motions to dismiss.  ECF Nos. 37 ("USFL MTD"), 40 ("CIGI

MTD").  Both motions are fully briefed, ECF Nos. 42 ("Opp'n"), 43

("Reply ISO USFL MTD"), 44 ("Reply ISO CIGI MTD"), and appropriate

for determination without oral argument per Civil Local Rule 7-

1(b).  For the reasons set forth below, USFL's motion to dismiss is

GRANTED in part and DENIED in part and CIGI's is GRANTED.

**II.   <u>BACKGROUND</u>**

Plaintiff asserts three counts: (1) "breach of contract of

life insurance," (2) "breach of contract of notification," and (3)

"negligence."  On December 10, 2013, the Court dismissed these

counts with leave to amend.  ECF No. 32 ("Dec. 10 Order").

Plaintiff subsequently filed the FAC, which asserts the same

counts.  The FAC is far from a model of clarity.  It is repetitive,

disorganized, and rife with legal conclusions.  Stripped to its

essential factual allegations, the FAC asserts the following:[1]

In 2000, Plaintiff's husband, Joseph Calleja, took out a

$500,000 life insurance policy issued by USFL.  FAC ¶¶ 7, 13, MTD

Ex. 1 ("Policy").  The Court takes judicial notice of the Policy

since it forms the basis of the FAC and its contents are not in

dispute.  <u>See</u> Fed. R. Evid. 201.  Plaintiff is the sole and primary

beneficiary on the Policy.  Policy at 60.  Mr. Calleja purchased

the Policy from his close friend James Jeffries, who had sold life

---

[1] Plaintiff has filed a declaration and a number of exhibits in
support of her opposition to Defendant's motion to dismiss.  To the
extent that these facts do not appear in Plaintiff's pleading or
are not subject to judicial notice, the Court does not consider
them.  The Court reminds Plaintiff, again, that she cannot use
factual declarations to defeat a Rule 12(b)(6) motion to dismiss.
<u>See</u> Dec. 10 Order at 6.  In any event, the new facts raised in the
declaration would not change the outcome here.

United States District Court
For the Northern District of California

1   insurance policies on behalf of CIGI, USFL's agent and broker, for

2   decades.  FAC ¶ 46.

3       The Policy provides a number of premium payment options,

4   including an annual premium of $4,775 and a semi-annual premium of

5   $2,483.  Policy at 1.  Mr. Calleja elected to pay on a semi-annual

6   basis.  FAC ¶ 119.  The Policy also states that before each premium

7   due date, USFL will notify Mr. Calleja of the amount of premium

8   payable.  Policy at 2.  Under the terms of the Policy, if Mr.

9   Calleja does not pay a premium when due, the premium is in default.

10  Id. at 7.  The Policy grants Mr. Calleja a thirty-one-day grace

11  period to cure the default.  Id.  If the default is not cured by

12  the end of the grace period, the Policy is terminated.  Id. at 6.

13      Plaintiff alleges that USFL also agreed to notify Mr. Jeffries

14  in writing of any possible lapse of the Policy, and that Mr.

15  Jeffries agreed that he would ensure that no lapse or forfeiture

16  actually transpired, either by notifying Mr. Calleja or by paying

17  the premium himself.  FAC ¶ 14-16.  As Plaintiff appears to

18  concede, the Policy itself does not expressly mention this

19  provision.  However, Plaintiff alleges that the Policy is vague as

20  to what constitutes notice, and a 1996 USFL brokerage agreement

21  gave Mr. Jeffries the authority to clarify the term.  Id. ¶ 17.

22  The Court takes judicial notice of the agreement.  USFL MTD Ex. 3

23  ("Brokerage Agr.").  The Brokerage Agreement authorizes Mr.

24  Jeffries to solicit applications for USFL, collect first premiums,

25  and service business.  Id.  It also states that Mr. Jeffries is not

26  authorized to "[m]odify or waive any provision unless the first

27  premium has been paid and the applicant is in good health."  Id.

28      Plaintiff further alleges that USFL ratified its agreement to

provide notice to Mr. Jeffries in a letter sent to Plaintiff's
counsel on November 26, 2012, shortly before this case was filed.
FAC ¶ 25.   The Court takes judicial notice of this letter, which
states in relevant part:

> It is our practice to provide financial professionals
> with a copy of the reminder of unpaid premium notice
> and lapse notification.   As a service to their client,
> he or she may then wish to follow-up with the client
> to remind them of the importance of paying the premium
> prior to the expiration of the grace period.   However,
> the ultimate responsibility to ensure that premiums
> are paid prior to the expiration of the grace period
> belongs to the policyowner.

USFL MTD Ex. 5 (emphasis in the original).

Mr. Calleja apparently paid the Policy premiums through around
November 2009.   FAC ¶ 34.   The Policy went into default in December
2009 due to non-payment, and subsequently lapsed.   Id.   Plaintiff
has not alleged whether or not USFL notified Mr. Calleja that
premium payments were due in 2009.   The Court highlighted the same
deficiency when it dismissed Plaintiff's prior pleading with leave
to amend, but she has done nothing to cure it.   See Dec. 10 Order
at 3.   However, Plaintiff does allege that USFL failed to notify
Mr. Calleja that the Policy was in danger of lapsing.   FAC ¶ 50.
USFL allegedly claims that it mailed Mr. Calleja a notice of lapse
on January 19, 2010, but Plaintiff claims that "there is no valid
proof that such a mailing ever took place."   Id. ¶¶ 51-53.
Plaintiff further alleges that Mr. Jeffries also did not receive
notice of the default or subsequent lapse.   Id. ¶ 40.

Beginning in 2009, around the time that the Policy lapsed, Mr.
Calleja was allegedly "out of his mind, [and] dying with cancer."
Id. ¶ 59.   He passed away on January 4, 2011.   Id. ¶ 144.   The

**United States District Court**
For the Northern District of California

following day, Mr. Jeffries called USFL to report the death and request the release of the Policy benefits to Plaintiff. Id. USFL then informed him, allegedly for the first time, that the Policy had lapsed a year earlier. Id. ¶ 34. USFL now refuses to pay the benefits allegedly due under the Policy.

III. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

IV. **DISCUSSION**

A. **USFL's Motion to Dismiss**

USFL moves to dismiss on the ground that the Policy itself did not require that it provide a notice of lapse to either Mr. Jeffries or Mr. Calleja. According to USFL, the Policy only

1   required USFL to notify Mr. Calleja that premiums were due, and the

2   FAC is silent about whether USFL provided such notice.   Plaintiff

3   responds that, pursuant to the Brokerage Agreement, Mr. Jeffries

4   had the authority to modify the notice provisions of the Policy,

5   and he did so by adding a term requiring that USFL notify him if

6   the Policy was in danger of lapsing.   Plaintiff further argues that

7   USFL is estopped from denying Policy benefits based on its failure

8   to follow through on its promise to provide notice to Mr. Jeffries.

9   As set forth below, the Court rejects Plaintiff's first argument,

10  but finds that the second has merit.

11              **1.   Mr. Jeffries' Authority to Modify the Policy**

12       The Brokerage Agreement provides that Mr. Jeffries was not

13  authorized to "[m]odify or waive any provision unless the first

14  premium has been paid and the applicant is in good health."

15  Brokerage Agr. at 1.   Plaintiff contends that, pursuant to this

16  language, Mr. Jeffries amended the terms of the Policy such that

17  USFL was required to provide him with notice of any default or

18  lapse so that he could ensure that the Policy never lapsed.   This

19  argument lacks merit for a number of reasons.   As an initial

20  matter, at most, the Brokerage Agreement gave Mr. Jeffries the

21  authority to modify or waive provisions of the Policy, not to add

22  entirely new terms.

23       Further, the Policy contains an integration clause.

24  Specifically, it states:

25

26       "This policy . . . and the attached application are
         the entire contract. . . . No statement will be used
27       in defense of any claim unless a written application
         and a copy is attached to the policy when issued.   No
28       agent or other person, except [USFL's] President,

                                      6

elected Vice President or secretary has the authority
to:

(a)  make or modify this contract.
(b)  extend the time for payment of a premium or
interest.
(c)  waive any of [USFL's] rights or requirements.

Policy at 6.  The signature page of the contract also expressly
prohibits agents, such as Mr. Jeffries, from modifying the terms
of the Policy: "No agent or medical examiner can accept risks or
make or change contracts or waive USFL's rights or requirements."
Policy at Bates 000066.  As the Policy was fully integrated, any
oral representations made by Mr. Jeffries that contradicted the
Policy's terms were ineffective.  Everett v. State Farm General
Ins. Co., 162 Cal. App. 4th 649, 662-63 (Cal. Ct. App. 2008).

Plaintiff attempts to get around the integration clause by
arguing that Mr. Jeffries merely clarified the Policy's ambiguous
notice provisions.  This argument lacks merit.  The Policy is
clear on exactly who must receive notice, and what kind of notice
must be provided.  Specifically, it states: "Before each premium
due date, WE will notify YOU of the amount of premium payable."
Policy at 2.  The Policy then defines "WE" as USFL and "YOU" as
Mr. Calleja.  Id. at 4.  Plaintiff fails to allege whether or not
USFL provided Mr. Calleja with notice that his premium was due in
2009, despite the fact that the Court previously dismissed
Plaintiff's complaint and granted Plaintiff leave to amend on this
very issue.  See Dec. 10 Order at 3.  The Court finds that it
would be futile to give Plaintiff yet another chance to plead this
simple fact.  Thus, the Court also finds that Plaintiff cannot
complain that USFL failed to fulfill its contractual notice
obligations.

United States District Court
For the Northern District of California

1    Plaintiff argues that even if the Policy is clear on "premium

2  notices" it is silent on "lapse notices" and "fatal foreclosure

3  notices."  However, a contract is only ambiguous if it is capable

4  of more than one reasonable interpretation.  Badie v. Bank of Am.,

5  67 Cal. App. 4th 779, 798, (Cal. Ct. App. 1998).  Here, Plaintiff

6  has yet to point to any term in the Policy that could be

7  reasonably read to suggest that Mr. Calleja was entitled to a

8  lapse notice, let alone that USFL was required to notify Mr.

9  Jeffries that the Policy was in danger of lapsing.  Indeed, Mr.

10  Jeffries is never even mentioned in the Policy.  Plaintiff is

11  attempting to read an entirely new provision into the Policy based

12  on the Policy's complete silence on the issue.  This she cannot

13  do.

14    Even if the Court were to disregard the fundamental

15  principles of contract interpretation, the California Insurance

16  Code precludes Plaintiff's reading of the Policy.  Under

17  California Insurance Code section 10113, every life insurance

18  policy "shall contain and be deemed to constitute the entire

19  contract between the parties and nothing shall be incorporated

20  therein by reference to any constitution, by-laws, rules,

21  application or other writings, of either of the parties thereto."

22  Thus, the Court cannot consider either the Brokerage Agreement or

23  Mr. Jeffries' oral representations when interpreting the Policy.[2]

24  _____

25  [2] Plaintiff also contends that dismissal is contrary to public
   policy in light of recent amendments to the California Insurance

26  Code.  The Code now provides that no life insurance policy may be
   issued in the state unless the insurer gives the insured the right

27  to designate at least one other person to receive notice of a lapse
   or termination, and that no life insurance shall lapse unless the

28  insurer gives the insured and his or her designee advance notice of
   the lapse.  Cal. Ins. Code § 10113.72(b), (c).  However, as

1    Accordingly, Plaintiff's claims are DISMISSED with prejudice
2    to the extent that they are predicated on Mr. Jeffries's alleged
3    modification of the Policy.

4                    **2.   Estoppel**

5    The Court reaches a different conclusion with respect to
6    Plaintiff's equitable estoppel theory.  The elements of equitable
7    estoppel are: "(1) the party to be estopped must be apprised of
8    the facts; (2) he must intend that his conduct shall be acted
9    upon, or must so act that the party asserting the estoppel had a
10   right to believe it was so intended; (3) the other party must be
11   ignorant of the true state of facts; and (4) he must rely upon the
12   conduct to his injury."  Honeywell v. Workers' Comp. Appeals Bd.,
13   35 Cal. 4th 24, 37 (Cal. 2005).

14   The Court finds these elements present here.  As to the
15   first and second elements, Plaintiff alleges that USFL was aware
16   that Mr. Jeffries represented that he would receive default or
17   lapse notices on Mr. Calleja's behalf, and that Plaintiff and Mr.
18   Calleja relied on this representation.  FAC ¶ 36.  While the
19   Policy does not expressly require a lapse notice, it also does not
20   expressly state that such notice will not be provided.  Moreover,
21   the plausibility of Plaintiff's allegations is buttressed by
22   USFL's March 5, 2012 letter to Plaintiff stating: "It is our
23   practice to provide financial professionals with a copy of the
24   reminder of unpaid premium notice and lapse notification."[3]  See
25   id. ¶ 24; USFL Ex. 5 at 2.

26   _____

27   Plaintiff concedes, the amendments did not take effect until
     January 1, 2013, almost two years after Mr. Calleja passed away.
     [3] USFL asserts that its March 5, 2012 letter is subject to the
28   litigation privilege.  USFL MTD at 6 n.3.  The Court disagrees.
     While the letter may not give rise to liability in a derivative

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1      USFL argues that the term "financial professional" is not

2  defined, and was clearly intended to refer to CIGI, not Mr.

3  Jeffries.  The Court declines to draw such an inference on a

4  motion to dismiss.  In any event, USFL appears to be highlighting

5  a distinction without a difference.  While the FAC could be far

6  clearer about Mr. Jeffries' relationship with CIGI, it appears

7  that Mr. Jeffries was CIGI's agent.  USFL further argues that the

8  fact that it provided reminder notices as a matter of practice

9  does not create an obligation to do so.  But the pertinent

10 question is not whether USFL had a contractual obligation, but

11 whether it took actions to induce Plaintiff and Mr. Calleja to

12 rely on Mr. Jeffries for notice.

13     The Court also finds that the third and fourth elements of

14 equitable estoppel are satisfied.  Plaintiff has alleged that

15 neither she nor her husband was aware that USFL was not sending

16 lapse notices to Mr. Jeffries, and that she and her husband relied

17 on Mr. Jeffries to take action to avoid a lapse in the Policy.

18 FAC ¶¶ 34, 120.  These allegations are especially plausible in

19 light of Mr. Calleja's declining health at the time of the

20 purported lapse in the Policy.  Id. ¶ 59.  Accordingly, the Court

21 finds that Plaintiff has pleaded sufficient facts to invoke the

22 doctrine of equitable estoppel.

23     For these reasons, USFL's motion to dismiss is GRANTED in

24 part and DENIED in part.

25 ───────────────────────────────────────────────
tort action, see Jacob B. v. Cnty. of Shasta, 40 Cal. 4th 948, 955
26 (Cal. 2007), it is admissible in the instant action.  Under USFL's
curious logic, the litigation privilege protects it from admissions
27 to Plaintiff in this case, and effectively renders its responses to
interrogatories and requests for admission inadmissible.  That is
28 clearly not the law.

**United States District Court**
For the Northern District of California

1   **B.   CIGI's Motion to Dismiss**

2        CIGI moves to dismiss Plaintiff's breach of contract claims on

3   the ground that it is not party to any agreement with Plaintiff or

4   her husband.   The argument has merit.   The only parties to the

5   Policy are USFL and Mr. Calleja, and CIGI is never even mentioned

6   in the document.   While both CIGI and Mr. Jeffries signed the

7   Brokerage Agreement, the document only describes the

8   responsibilities of Mr. Jeffries and USFL.   The only reference to

9   CIGI in the text of the Brokerage Agreement is a provision stating:

10  "Neither the Company [USFL] nor the General Agent [CIGI] will be

11  responsible for any of the Broker's [Mr. Jeffries'] expenses."   Id.

12  A non-party to a contract cannot be bound to its terms merely

13  because his or her signature appears on the document.   See In re

14  Palmdale Hills Prop., 8:08-BK-17206-ES, 2011 WL 7478771, at *5

15  (Bankr. C.D. Cal. Nov. 3, 2011).

16       Even if CIGI was a party to a relevant agreement, Plaintiff

17  has yet to identify how CIGI breached that agreement.[4]   Plaintiff's

18  theory of the case appears to be that USFL breached the Policy by:

19  (1) failing to pay out the $500,000 benefit, and (2) failing to

20  notify Mr. Jeffries that Mr. Calleja was late in his premium

21  payments so that Mr. Jeffries could cure the lapse.   There is no

22  indication that CIGI had any duty to Plaintiff or Mr. Calleja.   It

23  was not responsible for paying benefits, nor is it clear why it

24  would be aware of a lapse or responsible for providing a lapse

25  notice to Mr. Jeffries.   To the extent that CIGI could be

26  considered USFL's agent, an agent cannot be held liable based soley

27  _____

28  [4] The Complaint is essentially silent on this issue, as it fails to
    distinguish between the two defendants.   The opposition brief does
    nothing to clarify the matter.

11

United States District Court
For the Northern District of California

1   on the bad acts of its disclosed principal.  See Filippo Indus.,

2   Inc. v. Sun Ins. Co. of New York, 74 Cal. App. 4th 1429, 1442 (Cal.

3   Ct. App. 1999).  To the extent that Plaintiff is alleging that CIGI

4   should be held vicariously liable for the acts of Mr. Jeffries --

5   and it is not at all clear that she does -- her claim fails because

6   she has not alleged that Mr. Jeffries breached any agreement.

7       Plaintiff's negligence claim against CIGI fails for the same

8   reasons: she has failed to establish that CIGI owed her any type of

9   duty.  Accordingly, the Court GRANTS CIGI's motion to dismiss and

10  DISMISSES all of Plaintiff's claims against CIGI WITH PREJUDICE.

11

12  **V.   CONCLUSION**

13      For the foregoing reasons, Defendant U.S. Financial Life

14  Insurance Company's motion to dismiss is GRANTED in part and DENIED

15  in part.  Plaintiff Ann Calleja's claims against USFL are DISMISSED

16  with prejudice to the extent that they are predicated on Mr.

17  Jeffries' alleged modification of the Policy.  However, her claims

18  may proceed to the extent that they are predicated on estoppel.

19  Defendant CIGI Direct Insurance Services' motion to dismiss is

20  GRANTED.  Plaintiff's claims against CIGI are DISMISSED WITH

21  PREJUDICE.

22

23      IT IS SO ORDERED.

24

25  March 10, 2014                    _____

26                                    UNITED STATES DISTRICT JUDGE

27

28